IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT COLEMAN,

                 Plaintiff-Appellant,                 ORDER

v.

                                                  14-cv-879-jdp

U.S. TRUSTEE'S OFFICE,
SPENTA ENTERPRISES, INC., and
HOSHANG R. KARANI,

                 Defendants-Appellees.

---

CHIZUCO COLEMAN,

                 Plaintiff-Appellant,               ORDER

v.

                                                14-cv-880-jdp

U.S. TRUSTEE'S OFFICE,
SPENTA ENTERPRISES, INC., and
HOSHANG R. KARANI,

                 Defendants-Appellees.

---

In both of the above-captioned cases, husband and wife plaintiffs-appellants Robert Coleman and Chizuco Coleman filed voluntary petitions for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Wisconsin. On December 15, 2014, the bankruptcy court dismissed the Colemans' petitions, apparently because they had been filed in the wrong district. The Colemans appealed the dismissals to this court.

The Colemans moved the bankruptcy court to stay its orders of dismissal pending resolution of their appeals because they were concerned that their creditors would begin collection efforts now that their petitions had been dismissed. The bankruptcy court denied the Colemans' motions on December 22, 2014. The next day, the Colemans turned to this court for a stay of the bankruptcy court's orders dismissing their petitions. The Colemans asked the court

to consider their motions on an emergency basis so that they can forestall collection activities that may otherwise begin starting December 29. Dkt. 3. Although defendants-appellees have not yet responded, the court will expedite its consideration and deny the Colemans' motions.

The Colemans move the court for a stay pending appeal pursuant to Bankruptcy Rule 8005. In reviewing such motions, "courts consider the following four factors: 1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997). The Colemans' sparse filings have not provided the court with information sufficient to conclude that a stay would be appropriate.

For the first factor, the Colemans contend that their appeals are strong ones because their attorney was not permitted to speak during the bankruptcy court's hearing on the motions to dismiss for improper venue, and because the creditors who moved for dismissal waited to do so until almost three weeks after the bankruptcy petitions had been filed. Neither argument is persuasive because "in the context of a stay pending appeal, where the applicant's arguments have already been evaluated on the success scale . . . the Claimants need to demonstrate a *substantial* showing of likelihood of success, not merely the possibility of success." *Id.* at 1301(emphasis added).

The Colemans fall short of meeting this high standard. The bankruptcy court dismissed their petitions because they had been filed in the wrong court. But the Colemans do not dispute that the Eastern District of Wisconsin is the proper venue, nor do they explain how the three weeks that passed between their initial filings and their creditors' motions to dismiss makes an

objection to venue "untimely," pursuant to Bankruptcy Rule 1014.[1] Rather than simply filing in the right forum, the Colemans ask the court to allow them to proceed in this district because travel to Madison would be easier than to Milwaukee, due to health problems and limited English proficiency. The Colemans do not explain how either point entitles them to ignore the rules of venue, and their argument is not otherwise convincing because bankruptcy petitions would not ordinarily require a great deal of travel; indeed, most hearings could be held by phone.

The Colemans give summary treatment to the remaining factors, either ignoring parts of them altogether, or conclusorily stating that the factors entitle the Colemans to a stay in these cases. For the most part, these arguments appear to be the same ones that the Colemans presented to the bankruptcy court in opposing their creditors' motions to transfer. The bankruptcy court considered and rejected these arguments, and the Colemans do not explain (or even allege) how the determination likely amounts to "reversible error," as required for a stay under Rule 8005. *Id.*

---

[1] The Colemans observe that the creditors appeared at two preliminary hearings that occurred during those three weeks, but do not direct the court to any authority suggesting that such activities waive objections to venue. Moreover, the hearings were on the Colemans' own motions. According to the docket sheets from the Colemans' bankruptcy cases, the first time that the creditors took any substantial action in either case was when they asked the bankruptcy court to dismiss the Colemans' petitions.

Accordingly, IT IS ORDERED that plaintiffs-appellants Robert Coleman and Chizuco Coleman's Emergency Motions to Stay, Dkt. 3 (in case number 14-cv-879), and Dkt. 3 (in case number 14-cv-880), are DENIED.

Entered this 29th day of December, 2014.

                                            BY THE COURT:
                                            /s/
                                            JAMES D. PETERSON
                                            District Judge